# Exhibit 2
# to Complaint

*National PFAS Contamination Coalition et al. v. EPA et al.*

Civil Case No. 22-132

Order 13045, entitled "Protection of Children from Environmental Health Risks and Safety Risks" (62 FR 19885, April 23, 1997). This action does not contain any information collections subject to OMB approval under the Paperwork Reduction Act (PRA) (44 U.S.C. 3501 et seq.), nor does it require any special considerations under Executive Order 12898, entitled "Federal Actions to Address Environmental Justice in Minority Populations and Low-Income Populations" (59 FR 7629, February 16, 1994).

Since tolerances and exemptions that are established on the basis of a petition under FFDCA section 408(d), such as the tolerance in this final rule, do not require the issuance of a proposed rule, the requirements of the Regulatory Flexibility Act (RFA) (5 U.S.C. 601 et seq.), do not apply.

This action directly regulates growers, food processors, food handlers, and food retailers, not States or tribes, nor does this action alter the relationships or distribution of power and responsibilities established by Congress in the preemption provisions of FFDCA section 408(n)(4). As such, the Agency has determined that this action will not have a substantial direct effect on States or tribal governments, on the relationship between the National Government and the States or tribal governments, or on the distribution of power and responsibilities among the various levels of government or between the Federal Government and Indian tribes. Thus, the Agency has determined that Executive Order 13132, entitled "Federalism" (64 FR 43255, August 10, 1999) and Executive Order 13175, entitled "Consultation and Coordination with Indian Tribal Governments" (65 FR 67249, November 9, 2000) do not apply to this action. In addition, this action does not impose any enforceable duty or contain any unfunded mandate as described under Title II of the Unfunded Mandates Reform Act (UMRA) (2 U.S.C. 1501 et seq.).

This action does not involve any technical standards that would require Agency consideration of voluntary consensus standards pursuant to section 12(d) of the National Technology Transfer and Advancement Act (NTTAA) (15 U.S.C. 272 note).

### VII. Congressional Review Act

Pursuant to the Congressional Review Act (5 U.S.C. 801 et seq.), EPA will submit a report containing this rule and other required information to the U.S. Senate, the U.S. House of Representatives, and the Comptroller General of the United States prior to publication of the rule in the **Federal Register**. This action is not a "major rule" as defined by 5 U.S.C. 804(2).

### List of Subjects in 40 CFR Part 180

Environmental protection, Administrative practice and procedure, Agricultural commodities, Pesticides and pests, Reporting and recordkeeping requirements.

Dated: May 20, 2021.

**Marietta Echeverria,**
*Acting Director, Registration Division, Office of Pesticide Programs.*

Therefore, for the reasons stated in the preamble, EPA is amending 40 CFR chapter I as follows:

## PART 180—TOLERANCES AND EXEMPTIONS FOR PESTICIDE CHEMICAL RESIDUES IN FOOD

■ 1. The authority citation for part 180 continues to read as follows:

  **Authority:** 21 U.S.C. 321(q), 346a and 371.

■ 2. In § 180.475, amend paragraph (a)(1) by adding alphabetically to the table entries for "Olive [1]"; "Olive, with pit [1]"; "Pepper, black [1]" and "Persimmon, Japanese [1]" to read as follows:

### § 180.475  Difenoconazole; tolerances for residues.

(a) * * *

(1) * * *

| Commodity | Parts per million |
|---|---|
| * * * * | |
| Olive [1] | 3 |
| Olive, with pit [1] | 2 |
| * * * * | |
| Pepper, black [1] | 0.1 |
| Persimmon, Japanese [1] | 0.7 |
| * * * * | |

[1] There are no U.S. registrations for these commodities.

* * * * *

[FR Doc. 2021–11636 Filed 6–2–21; 8:45 am]
**BILLING CODE 6560–50–P**

## ENVIRONMENTAL PROTECTION AGENCY

### 40 CFR Part 372

[EPA–HQ–TRI–2021–0049; FRL–10022–25]

RIN 2070–AK72

### Implementing Statutory Addition of Certain Per- and Polyfluoroalkyl Substances (PFAS) to the Toxics Release Inventory Beginning With Reporting Year 2021

**AGENCY:** Environmental Protection Agency (EPA).

**ACTION:** Final rule.

**SUMMARY:** The Environmental Protection Agency (EPA) is adding three per- and polyfluoroalkyl substances (PFAS) to the list of chemicals subject to toxic chemical release reporting under the Emergency Planning and Community Right-to-Know Act (EPCRA) and the Pollution Prevention Act (PPA). This action implements the statutory mandate in the National Defense Authorization Act for Fiscal Year 2020 (FY2020 NDAA) enacted on December 20, 2019. As this action is being taken to conform the regulations to a Congressional legislative mandate, notice and comment rulemaking is unnecessary.

**DATES:** This final rule is effective July 6, 2021.

**ADDRESSES:** The docket for this action, identified by docket identification (ID) number EPA–HQ–TRI–2021–0049, is available at *http://www.regulations.gov* or at the Office of Pollution Prevention and Toxics Docket (OPPT Docket), Environmental Protection Agency Docket Center (EPA/DC), West William Jefferson Clinton Bldg., Rm. 3334, 1301 Constitution Ave. NW, Washington, DC. The Public Reading Room is open from 8:30 a.m. to 4:30 p.m., Monday through Friday, excluding legal holidays. The telephone number for the Public Reading Room is (202) 566–1744, and the telephone number for the OPPT Docket is (202) 566–0280. Please review the visitor instructions and additional information about the docket available at *http://www.epa.gov/dockets.*

Due to the public health emergency, the EPA Docket Center (EPA/DC) and Reading Room is closed to visitors with limited exceptions. The staff continues to provide remote customer service via email, phone, and webform. For the latest status information on EPA/DC services and docket access, visit *https://www.epa.gov/dockets.*

**FOR FURTHER INFORMATION CONTACT:** *For technical information contact:* Daniel R.

Ruedy, Data Gathering and Analysis Division, Mail Code 7410M, Office of Pollution Prevention and Toxics, Environmental Protection Agency, 1200 Pennsylvania Ave. NW, Washington, DC 20460–0001; telephone number: (202) 564–7974; email address: *ruedy.daniel@epa.gov*.

*For general information contact:* The Emergency Planning and Community Right-to-Know Act Hotline; telephone numbers: Toll free at (800) 424–9346 (select menu option 3) or (703) 348–5070 in the Washington, DC Area and International; or go to *https://www.epa.gov/home/epa-hotlines*.

**SUPPLEMENTARY INFORMATION:**

### I. General Information

*A. Does this action apply to me?*

You may be potentially affected by this action if you manufacture, process, or otherwise use any of the PFAS listed in this rule. The following list of North American Industry Classification System (NAICS) codes is not intended to be exhaustive, but rather provides a guide to help readers determine whether this action applies to them. Potentially affected entities may include:

• Facilities included in the following NAICS manufacturing codes (corresponding to Standard Industrial Classification (SIC) codes 20 through 39): 311*, 312*, 313*, 314*, 315*, 316, 321, 322, 323*, 324, 325*, 326*, 327, 331, 332, 333, 334*, 335*, 336, 337*, 339*, 111998*, 211130*, 212324*, 212325*, 212393*, 212399*, 488390*, 511110, 511120, 511130, 511140*, 511191, 511199, 512230*, 512250*, 519130*, 541713*, 541715* or 811490*. *Exceptions and/or limitations exist for these NAICS codes.

• Facilities included in the following NAICS codes (corresponding to SIC codes other than SIC codes 20 through 39): 212111, 212112, 212113 (corresponds to SIC code 12, Coal Mining (except 1241)); or 212221, 212222, 212230, 212299 (corresponds to SIC code 10, Metal Mining (except 1011, 1081, and 1094)); or 221111, 221112, 221113, 221118, 221121, 221122, 221330 (limited to facilities that combust coal and/or oil for the purpose of generating power for distribution in commerce) (corresponds to SIC codes 4911, 4931, and 4939, Electric Utilities); or 424690, 425110, 425120 (limited to facilities previously classified in SIC code 5169, Chemicals and Allied Products, Not Elsewhere Classified); or 424710 (corresponds to SIC code 5171, Petroleum Bulk Terminals and Plants); or 562112 (limited to facilities primarily engaged in solvent recovery services on a contract or fee basis (previously classified under SIC code 7389, Business Services, NEC); or 562211, 562212, 562213, 562219, 562920 (limited to facilities regulated under the Resource Conservation and Recovery Act, subtitle C, 42 U.S.C. 6921 *et seq.*) (corresponds to SIC code 4953, Refuse Systems).

• Federal facilities.

A more detailed description of the types of facilities covered by the NAICS codes subject to reporting under EPCRA section 313 can be found at: *https://www.epa.gov/toxics-release-inventory-tri-program/tri-covered-industry-sectors*. To determine whether your facility would be affected by this action, you should carefully examine the applicability criteria in part 372, subpart B of title 40 of the Code of Federal Regulations. If you have questions regarding the applicability of this action to a particular entity, consult the person listed under **FOR FURTHER INFORMATION CONTACT**.

*B. What action is the Agency taking?*

EPA is codifying in the CFR the three PFAS that were added to the EPCRA section 313 list of reportable chemicals (more commonly known as the Toxics Release Inventory (TRI)) pursuant to the FY2020 NDAA.

*C. What is the Agency's authority for taking this action?*

This action is issued under the authority of section 313 of the Emergency Planning and Community Right-to-Know Act (EPCRA) (42 U.S.C. 11001 *et seq.*), section 6607 of the Pollution Prevention Act (PPA) (42 U.S.C. 13106), and section 7321 of the National Defense Authorization Act for Fiscal Year 2020 (FY2020 NDAA) (Pub. L. 116–92, *https://www.congress.gov/public-laws/116th-congress*).

### II. Background

On December 20, 2019 the FY2020 NDAA was signed into law. Among other provisions, section 7321(c) identifies certain regulatory activities that automatically add PFAS or classes of PFAS to the EPCRA section 313 list of reportable chemicals. Specifically, PFAS or classes of PFAS are added to the EPCRA section 313 list of reportable chemicals beginning January 1 of the calendar year after any one of the following dates:

• Final Toxicity Value. The date on which the Administrator finalizes a toxicity value for the PFAS or class of PFAS;

• Significant New Use Rule. The date on which the Administrator makes a covered determination for the PFAS or class of PFAS;

• Addition to Existing Significant New Use Rule. The date on which the PFAS or class of PFAS is added to a list of substances covered by a covered determination;

• Addition as an Active Chemical Substance. The date on which the PFAS or class of PFAS to which a covered determination applies is:

(1) Added to the list published under section 8(b)(1) of the Toxic Substances Control Act (TSCA) (15 U.S.C. 2601 *et seq.*) and designated as an active chemical substance under TSCA section 8(b)(5)(A); or

(2) Designated as an active chemical substance under TSCA section 8(b)(5)(B) on the list published under TSCA section 8(b)(1).

The FY2020 NDAA defines ''covered determination'' as a determination made by rule under TSCA section 5(a)(2) that a use of a PFAS or class of PFAS is a significant new use (except such a determination made in connection with a determination described in TSCA sections 5(a)(3)(B) or 5(a)(3)(C)).

EPA has reviewed the above-listed criteria and found three chemicals that meet the requirements of this part of the FY2020 NDAA and whose identity is not confidential business information (CBI).

| Chemical name/CAS No. | Triggering action |
|---|---|
| Perfluorooctyl iodide (507–63–1) | Addition to Existing Significant New Use Rule (see 85 FR 45109, *July 27, 2020*) (FRL–10010–44). |
| Potassium perfluorooctanoate (2395–00–8) | Addition to Existing Significant New Use Rule (see 85 FR 45109, *July 27, 2020*) (FRL–10010–44). |
| Silver(I) perfluorooctanoate (335–93–3) | Addition to Existing Significant New Use Rule (see 85 FR 45109, *July 27, 2020*) (FRL–10010–44). |

Under FY2020 NDAA section 7321(e), EPA must review CBI claims before adding any PFAS to the list whose identity is subject to a claim of protection from disclosure under 5 U.S.C. 552(a). Under the FY2020 NDAA EPA must:

- Review a claim of protection from disclosure; and
- Require that person to reassert and substantiate or resubstantiate that claim in accordance with TSCA section 14(f) (15 U.S.C. 2613(f)).

In addition, if EPA determines that the chemical identity of a PFAS or class of PFAS qualifies for protection from disclosure, EPA must include the PFAS or class of PFAS on the TRI in a manner that does not disclose the protected information.

Updates regarding this process will be provided via the Addition of Certain PFAS to the TRI by the National Defense Authorization Act web page at *https://www.epa.gov/toxics-release-inventory-tri-program/addition-certain-pfas-tri-national-defense-authorization-act.*

As established by the FY2020 NDAA, the addition of these PFAS is effective January 1 of the calendar year following any of the dates identified in FY2020 NDAA section 7321(c)(1)(A). Accordingly, these three non-CBI PFAS are reportable for the 2021 reporting year (*i.e.,* reports due July 1, 2022). EPA is issuing this final rule to amend the EPCRA section 313 list of reportable chemicals in 40 CFR 372.65 to include the three non-CBI PFAS identified pursuant to the FY2020 NDAA.

### III. Good Cause Exception

Section 553(b)(B) of the Administrative Procedure Act (APA), 5 U.S.C. 553(b)(B), provides that, when an agency for good cause finds that public notice and comment procedures are impracticable, unnecessary, or contrary to the public interest, the agency may issue a rule without providing notice and an opportunity for public comment. The EPA has determined that there is good cause for making this rule final without prior proposal and opportunity for comment because such notice and opportunity for comment is unnecessary. This action is being taken to comply with a mandate in an Act of Congress, where Congress identified actions that automatically add these chemicals to the TRI. Thus, EPA has no discretion as to the outcome of this rule, which merely aligns the regulations with the self-effectuating changes provided by the FY2020 NDAA.

### IV. Statutory and Executive Order Reviews

Additional information about these statutes and Executive Orders can be found at *http://www2.epa.gov/laws-regulations/laws-and-executive-orders.*

#### A. Executive Order 12866: Regulatory Planning and Review and Executive Order 13563: Improving Regulation and Regulatory Review

This action is not a significant regulatory action and was therefore not submitted to the Office of Management and Budget (OMB) for review under Executive Orders 12866 (58 FR 51735, October 4, 1993) and 13563 (76 FR 3821, January 21, 2011).

#### B. Paperwork Reduction Act (PRA)

This action does not contain any new information collection activities that require additional approval by OMB under the PRA, 44 U.S.C. 3501 *et seq.* As discussed further in this unit, OMB has previously approved the information collection activities contained in the existing regulations and has assigned OMB control number 2070–0212 and 2050–0078.

Currently, the facilities subject to the reporting requirements under EPCRA section 313 and PPA section 6607 may use either EPA Toxic Chemicals Release Inventory Form R (EPA Form 1B9350–1), or EPA Toxic Chemicals Release Inventory Form A (EPA Form 1B9350–2). The Form R must be completed if a facility manufactures, processes, or otherwise uses any listed chemical above threshold quantities and meets certain other criteria. For the Form A, EPA established an alternative threshold for facilities with low annual reportable amounts of a listed toxic chemical. A facility that meets the appropriate reporting thresholds, but estimates that the total annual reportable amount of the chemical does not exceed 500 pounds per year, can take advantage of an alternative manufacture, process, or otherwise use threshold of 1 million pounds per year of the chemical, provided that certain conditions are met, and submit the Form A instead of the Form R. In addition, respondents may designate the specific chemical identity of a substance as a trade secret pursuant to EPCRA section 322 (42 U.S.C. 11042) and 40 CFR part 350. OMB has approved the reporting and recordkeeping requirements related to Forms A and R, supplier notification, and petitions under OMB Control number 2070–0212 (EPA Information Collection Request (ICR) No. 2613) and those related to trade secret designations under OMB Control 2050–0078 (EPA ICR No. 1428).

As provided in 5 CFR 1320.5(b) and 1320.6(a), an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a currently valid OMB control number. The OMB control numbers relevant to EPA's regulations in 40 CFR are listed in 40 CFR part 9 and displayed on the information collection instruments (*e.g.,* forms, instructions).

#### C. Regulatory Flexibility Act (RFA)

This rule is not subject to the RFA, 5 U.S.C. 601 *et seq.,* which generally requires an agency to prepare a regulatory flexibility analysis for any rule that is estimated to have a significant economic impact on a substantial number of small entities. This rule is not subject to notice and comment requirements under the APA or any other statute because although the rule is subject to the APA, the Agency has invoked the ''good cause'' exemption under 5 U.S.C. 553(b) (see Unit III.).

#### D. Unfunded Mandates Reform Act (UMRA)

This action does not contain any unfunded mandate as described in UMRA, 2 U.S.C. 1531–1538, and does not significantly or uniquely affect small governments. The action will impose no enforceable duty on any state, local or tribal governments or the private sector.

#### E. Executive Order 13132: Federalism

This action does not have federalism implications, as specified in Executive Order 13132 (64 FR 43255, August 10, 1999). It will not have substantial direct effects on the states, on the relationship between the National Government and the states, or on the distribution of power and responsibilities among the various levels of government.

#### F. Executive Order 13175: Consultation and Coordination With Indian Tribal Governments

This action does not have tribal implications as specified in Executive Order 13175 (65 FR 67249, November 9, 2000). This rule will not impose substantial direct compliance costs on Indian Tribal Governments. Thus, Executive Order 13175 does not apply to this action.

#### G. Executive Order 13045: Protection of Children From Environmental Health Risks and Safety Risks

EPA interprets Executive Order 13045 (62 FR 19885, April 23, 1997), as applying only to those regulatory

actions that concern health or safety risks, such that the analysis required under section 5–501 of Executive Order 13045 has the potential to influence the regulation. This action is not subject to Executive Order 13045 because it does not establish an environmental standard intended to mitigate health or safety risks.

*H. Executive Order 13211: Actions Concerning Regulations That Significantly Affect Energy Supply, Distribution, or Use*

This action is not a "significant energy action" as defined in Executive Order 13211 (66 FR 28355, May 22, 2001), because it is not likely to have a significant adverse effect on the supply, distribution or use of energy.

*I. National Technology Transfer and Advancement Act (NTTAA)*

This rulemaking does not involve technical standards that would require Agency consideration under NTTAA section 12(d), 15 U.S.C. 272 note.

*J. Executive Order 12898: Federal Actions To Address Environmental Justice in Minority Populations and Low-Income Populations*

This action does not entail special considerations of environmental justice related issues as delineated by Executive Order 12898 (59 FR 7629, February 16, 1994), because it does not establish an environmental health or safety standard. This action involves additions to reporting requirements that will not affect the level of protection provided to human health or the environment.

*K. Congressional Review Act (CRA)*

This action is subject to the CRA, 5 U.S.C. 801 *et seq.,* and the EPA will submit a rule report to each House of the Congress and to the Comptroller General of the United States. This action is not a "major rule" as defined by 5 U.S.C. 804(2).

**List of Subjects in 40 CFR Part 372**

Environmental protection, Community right-to-know, Reporting and recordkeeping requirements, Toxic chemicals.

Michal Freedhoff,

*Principal Deputy Assistant Administrator, Office of Chemical Safety and Pollution Prevention.*

Therefore, for the reasons stated in the preamble, EPA is amending 40 CFR part 372 as follows:

### PART 372—TOXIC CHEMICAL RELEASE REPORTING: COMMUNITY RIGHT–TO–KNOW

■ 1. The authority citation for part 372 continues to read as follows:

**Authority:** 42 U.S.C. 11023 and 11048.

■ 2. In § 372.65, amend table 4 to paragraph (d) by adding in alphabetical order to the table entries for "Perfluorooctyl iodide"; "Potassium perfluorooctanoate" and "Silver(I) perfluorooctanoate" and in table 5 to paragraph (e) by adding in numerical order to the table entries for "335–93–3"; "507–63–1" and "2395–00–8" to read as follows:

### § 372.65  Chemicals and chemical categories to which this part applies.

\* \* \* \* \*

(d) \* \* \*

TABLE 4 TO PARAGRAPH (D)

| Chemical name | CAS No. | Effective date |
|---|---|---|
| \* \* \* \* \* \* \* | | |
| Perfluorooctyl iodide | 507–63–1 | 1/1/21 |
| \* \* \* \* \* \* \* | | |
| Potassium perfluorooctanoate | 2395–00–8 | 1/1/21 |
| \* \* \* \* \* \* \* | | |
| Silver(I) perfluorooctanoate | 335–93–3 | 1/1/21 |
| \* \* \* \* \* \* \* | | |

(e) \* \* \*

TABLE 5 TO PARAGRAPH (E)

| CAS No. | Chemical name | Effective date |
|---|---|---|
| \* \* \* \* \* \* \* | | |
| 335–93–3 | Silver(I) perfluorooctanoate | 1/1/21 |
| \* \* \* \* \* \* \* | | |
| 507–63–1 | Perfluorooctyl iodide | 1/1/21 |
| \* \* \* \* \* \* \* | | |
| 2395–00–8 | Potassium perfluorooctanoate | 1/1/21 |
| \* \* \* \* \* \* \* | | |

[FR Doc. 2021–11586 Filed 6–2–21; 8:45 am]

**BILLING CODE 6560–50–P**